1  Michael W. Sobol (State Bar No. 194857)
   msobol@lchb.com
2  Roger N. Heller (State Bar No. 215348)
   rheller@lchb.com
3  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   275 Battery Street, 29th Floor
4  San Francisco, CA  94111-3336
   Telephone:  (415) 956-1000
5  Facsimile:  (415) 956-1008

6  Richard D. McCune (State Bar No. 132124)
   rdm@mccunewright.com
7  Jae (Eddie) K. Kim (State Bar No. 236805)
   jkk@mccunewright.com
8  MCCUNE & WRIGHT, LLP
   2068 Orange Tree Lane, Suite 216
9  Redlands, CA 92374
   Telephone: (909) 557-1250
10 Facsimile: (909) 557-1275

11
12 *Counsel for Plaintiff*

13

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18
   RONALD S. ARENDAS, as an individual and on
19 behalf of all others similarly situated,
                                                    Case No. CV-11-6462 CRB
20                  Plaintiff,
                                                    **ORDER GRANTING PRELIMINARY**
21         v.                                       **APPROVAL OF CLASS SETTLEMENT**

22 CITIBANK INC., CITIBANK (WEST) FSB,              Date:   March 21, 2014
23 CITIBANK, N.A. AND CITIBANK FSB, and            Time:   10:00 a.m.
   DOES 1 through 125,                             Judge:  Hon. Charles R. Breyer
24
25                  Defendants.

26

27

28

   [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
                           Case No. 11-cv-6462 CRB

LA 51742879
LA 51749387

The Parties have entered into an Amended Settlement Agreement and Release, dated April 3, 2014 (the "Settlement") which, if approved, would resolve this proposed class action.  Plaintiff has filed a motion for preliminary approval of the Settlement.  Upon review and consideration of the motion papers and the Settlement and all exhibits thereto, including the proposed forms of notice to the Settlement Class and the proposed Claim Form, the Court finds that there is sufficient basis for: (1) granting preliminary approval of the Settlement; (2) provisionally certifying the Settlement Class for settlement purposes only; (3) appointing Settlement Class Counsel and Plaintiff to represent the Settlement Class; (4) approving the Parties' proposed Notice Program and forms of notice substantially similar to those forms attached to the Settlement, and directing that notice be disseminated to the Settlement Class pursuant to the Notice Program provided in the Settlement; (5) approving the Parties' proposed Claim Form, and approving the procedures set forth in the Settlement for persons in the Settlement Class to submit claims, exclude themselves from the Settlement Class, and object to the Settlement; (6) appointing a Settlement Administrator to conduct the duties assigned to that position in the Settlement; (7) staying this Action pending Final Approval of the Settlement; and (8) setting a hearing (the "Final Approval Hearing"), at which the Court will consider: (a) whether to grant final approval of the Settlement; (b) Settlement Class Counsel's application for attorneys' fees, costs and expenses; and (c) any request for a service award for Plaintiff.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Settlement.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and venue is proper in this District.

3.      This Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e).  The Settlement Class is defined as follows:

> All Citibank customers in the United States who had one or more Accounts and who, during the Class Period (i.e., from November 7, 2004 through, and including, July 1, 2010), were charged an Overdraft Fee.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No. 11-cv-6462 (CRB)

4.      Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

5.      The Court preliminarily approves the proposed Settlement as fair, reasonable and adequate, entered into in good faith, free of collusion and within the range of possible judicial approval.

6.      The Court appoints Lieff Cabraser Heimann & Bernstein LLP and McCuneWright, LLP as Settlement Class Counsel, and appoints Plaintiff Ronald Arendas as class representative for the Settlement Class.

7.      The Court appoints Gilardi & Co, LLC. ("Gilardi") to serve as the Settlement Administrator, and directs Gilardi to carry out all duties and responsibilities of the Settlement Administrator specified in the Settlement.

8.      The Court approves the Notice Program set forth in the Settlement.  The Court approves the form and content of the proposed forms of notice, in the forms attached to the Settlement as Exhibits 1 and 2.   The Court finds that the Notice Program, including the proposed forms of notice, constitutes the best notice practicable under the circumstances, constitutes valid, due and sufficient notice to the Settlement Class in full compliance with the requirements of applicable law, including Federal Rule of Civil Procedure 23 and the Due Process Clause of the United States Constitution, and is the only notice to the Settlement Class of the Settlement that is required.

9.      The Court approves the form and content of the proposed Claim Form, in the form attached to the Settlement as Exhibit 3.

10.     Within thirty (30) days following the entry of this Order, Citibank shall provide to the Settlement Administrator a list ("Class List") that identifies the names and last known addresses of the persons in the Settlement Class as reflected in Citibank's reasonably available computerized account records.  Within twenty (20) days from the date that the Settlement Administrator receives the Class List from Citibank, the Settlement Administrator shall update the addresses through the National Change of Address Database, and shall mail the Postcard Notice to each person listed in the Class List. To the extent a Postcard Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Postcard Notice to the new address indicated and update the Class List

2

1    accordingly.  Within seven (7) days after the date the Settlement Administrator completes the mailing

2    of the Postcard Notice (not including any re-mailing of the Postcard Notice pursuant to this paragraph),

3    the Settlement Administrator shall provide Settlement Class Counsel and Citibank's Counsel with an

4    affidavit confirming that dissemination of the Postcard Notice was completed in a timely manner.

5    Settlement Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with

6    Plaintiff's motion for final approval of the Settlement.

7            11.     By no later than the first date that the Postcard Notice is mailed, the Settlement

8    Administrator shall establish and maintain a Settlement Website, at the address

9    www.ArendasOverdraftFeeSettlement.com, where persons in the Settlement Class may submit a Claim

10   Form online, print a paper Claim Form and access, via hyperlinks, copies of the Complaint and

11   Citibank's Answer thereto, the Settlement, the Long-Form Notice, this Order and such other documents

12   as Settlement Class Counsel and Citibank's Counsel agree to post or that the Court subsequently orders

13   posted on the Settlement Website.  By no later than the first date that the Postcard Notice is mailed, the

14   Settlement Administrator shall establish and maintain an automated toll-free telephone line, which

15   persons in the Settlement Class may call with Settlement-related inquiries.

16           12.     Settlement Class Members who wish to submit a claim shall have the option of

17   submitting Claim Forms online via the Settlement Website or by mail.  Claim Forms submitted online

18   must be submitted by no later than 70 days following the last date for the Settlement Administrator to

19   complete the initial mailing of the Postcard Notice.  Claim Forms submitted by mail must be

20   postmarked no later than 70 days following the last date for the Settlement Administrator to complete

21   the initial mailing of the Postcard Notice.

22           13.     Any person in the Settlement Class who seeks to be excluded from the Settlement Class

23   must mail a written request for exclusion to the Settlement Administrator, postmarked no later than 30

24   days after the Claim Deadline, and must include: (a) their full name, address and telephone number; (b)

25   a statement that they want to be excluded from the settlement in *Ronald S. Arendas v. Citibank Inc., et

26   al.*, Case No. 3:11-cv-06462-CRB; and (c) their signature.  Any person falling within the Settlement

27   Class definition who does not send a timely and valid request for exclusion shall be a Settlement Class

28   Member and shall be bound by any Final Judgment in this Action.  At or before the Final Approval

Hearing, Gilardi shall file with the Court a declaration setting forth a complete list of all persons who submitted timely and valid requests for exclusion from the Settlement Class.

14.     Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement Class may object to, or comment on, the Settlement, Settlement Class Counsel's application for attorneys' fees, costs and expenses ("Fee Application"), or any request for a service award for Plaintiff.  The Court will only consider objections that are timely and valid.  To be considered, an objection must be in writing, must be mailed to the Clerk of the Court, Settlement Class Counsel and Citibank's Counsel, at the addresses indicated in the Long-Form Notice, must be postmarked no later than 30 days after the Claim Deadline and must include: (a) the name of this case; (b) the objector's full name, address and telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or Fee Application; (f) a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; (g) the identity of any counsel who will appear at the Final Approval Hearing on the objector's behalf; (h) a list of any witnesses the objector will call to testify at the Final Approval Hearing; and (i) the objector's own signature.  Any Settlement Class Member who does not submit a timely and valid objection shall be deemed to have waived all objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement and any Order and Final Judgment entered approving it, Settlement Class Counsel's Fee Application or any request for a service award for Plaintiff.

15.     Any Settlement Class Member who does not timely and validly exclude themselves from the Settlement Class may ask the Court for permission to speak at the Final Approval Hearing. To do so, a Notice of Intention to Appear must be mailed to the Clerk of the Court, Settlement Class Counsel and Citibank's Counsel at the address indicated in the Long-Form Notice, must be postmarked no later than 30 days after the Claim Deadline and must include:  (a) their full name, address and telephone number; (b) statement that it is their "Notice of Intention to Appear" at the Final Approval

Hearing for the settlement in *Ronald S. Arendas v. Citibank Inc., et al.*, Case No. 3:11-cv-06462-CRB; (c) the reasons they want to be heard; (d) the name of any attorneys, if any, who will be appearing on their behalf; (e) copies of any papers, exhibits or other evidence or information that is to be presented to the Court at the Final Approval Hearing; and (f) their signature.

16.     The Court directs that the Final Approval Hearing be scheduled for November 07, 2014, at  10 o'clock  a.m. to assist the Court in determining whether the Settlement should be finally approved as fair, reasonable and adequate to the Settlement Class Members; whether Final Judgment should be entered dismissing this Action with prejudice; whether Settlement Class Counsel's Fee Application should be approved; and whether any request for a service award for Plaintiff should be approved.

17.     The Parties shall file any motions in support of final approval of the Settlement by no later than 14 days after the Claim Deadline.  Settlement Class Counsel shall file their Fee Application by no later than 14 days after the Claim Deadline.  After it is filed, Settlement Class Counsel's Fee Application shall be posted on the Settlement Website.

18.     The Parties shall file any responses to any Settlement Class Member objections, and any reply papers in support of final approval of the Settlement or Settlement Class Counsel's Fee Application, by no later than 44 days after the Claim Deadline.

19.     The Court reserves the right to modify the date of the Final Approval Hearing and related deadlines set forth herein.  In the event the Final Approval Hearing is moved, the new date and time shall be posted on the Settlement Website.

20.     If the Settlement is not finally approved by the Court, or the Settlement is terminated, the Parties retain all of their pre-Settlement litigation rights and defenses and the certification of the Settlement Class will be void, and no doctrine of waiver, estoppel, or preclusion will be asserted in any litigated certification proceedings in the Action.  If the Settlement is not finally approved or is terminated, Citibank shall not be precluded from challenging class certification in further proceedings in the Action or in any other action.  No agreements made by or entered into by Citibank in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class or any other person to establish any of the elements of class certification in any litigated certification proceedings, whether in

5

1    the Action or any other action.

2        21.    Pending the final determination of whether the Settlement should be approved, all

3    proceedings in this Action, except as may be necessary to implement the Settlement or comply with the

4    terms of the Settlement, are hereby stayed.

5        22.    Pending the final determination of whether the Settlement should be approved, Plaintiff

6    and each Settlement Class Member, and any person purportedly acting on behalf of any Settlement

7    Class Member(s), is hereby stayed and enjoined from commencing, pursuing, maintaining, enforcing or

8    prosecuting, either directly or indirectly, any Released Claims in any judicial, administrative, arbitral or

9    other forum, against any of the Released Parties; provided that this injunction shall not apply to

10   individual claims of any persons in the Settlement Class who has timely and properly opted out of the

11   Settlement Class as permitted by the Court.  Such injunction shall remain in force until final approval

12   or until such time as the parties notify the Court that the Settlement has been terminated.  Nothing

13   herein shall prevent any Settlement Class Member, or any person actually or purportedly acting on

14   behalf of any Settlement Class Member(s), from taking any actions to stay and/or dismiss any Released

15   Claim(s).

16       23.    The following chart summarizes the dates and deadlines set by this Order:

| | |
|---|---|
| Last day for Citibank to deliver the Class List to the Settlement Administrator. | **30 days after entry of the Preliminary Approval Order** |
| Last day for the Settlement Administrator to complete the initial mailing of the Postcard Notice. | **20 days after Citibank delivers the Class List to the Settlement Administrator** |
| Claim Deadline | **70 days following the last day for the Settlement Administrator to complete the initial mailing of the Postcard Notice** |
| Last day for: (a) the Parties to file any motions in support of final approval of the Settlement; and (b) Settlement Class Counsel to file their Fee Application and request for a service award for the Class Representative. | **14 days after the Claim Deadline** |
| Opt-Out Deadline | **30 days after the Claim Deadline** |

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT
Case No. 11-cv-6462 (CRB)

| | |
|---|---|
| Objection Deadline | **30 days after the Claim Deadline** |
| Last day for the Parties to file any additional papers in support of final approval of the Settlement, responses to objections and any replies in support of Settlement Class Counsel's Fee Application. | **44 days after the Claim Deadline** |
| Final Approval Hearing | **November 7, 2014 at 10:00 a.m.**<br><br>**(Note:  November 7, 2014 is the proposed date for the Final Approval Hearing, but to ensure sufficient time for the other deadlines, in no event should the Final Approval Hearing be scheduled for earlier than 180 days following entry of the Preliminary Approval Order)** |

IT IS SO ORDERED.

Dated:   April 25, 2014

CHA

United



7